The opinion of the court was delivered by
Watkins, J.
The object of this application is to coerce respondent to grant relator a suspensive appeal, grounded on the judgment and decree in the proceedings in the court of the respondent, which are thus described in the relator’s petition, viz.:
That in certain proceedings, in respondent’s court, in December, 1892, relator obtained judgment granting him a respite of one and two years.
That recently several persons, claiming to be creditors of his, obtained rules against him, under the provisions of Act 134 of 1888, in which they aver his failure to make payments to them in conformity to the terms of said respite, and pray that he show cause why the judgment decreeing such respite should not be vacated and annulled, and why he should not forthwith make a cession of his property to his creditors.
That in his answer to said rules he set up, inter alios, the unconstitutionality of the Act of 1888.
That on trial of said rules judgments were rendered making same absolute, and decreeing that the judgment granting the respite be vacated and annulled; that he forthwith make a cession of his property to his creditors, and that a provisional syndic be at once appointed, and the clerk of court be directed and required to convoke a meeting of his creditors.
That immediately thereafter — on the following day — he applied to the respondent for an order of appeal, suspensive and devolutive, made returnable to this Court according to law, the amount in dispute as well as the fund to be distributed exceeding two thousand dollars.
That the respondent declined his application, making thereon the following endorsement, viz.:
*934 “I decline to grant a suspensive appeal from the judgment rendered in this case on the authority of the case of State ex rel, Levy & Son vs. .Ellis, Judge, 40 An. 818, but am willing to grant a .devolutive appeal.”
The respondent’s return is in substance, the same as the aforesaid endorsement. .
An examination of our opinion 'in the • Levy case discloses its complete analogy to the case under consideration in every essential particular, and a close observance of the terms and provisions of Act 134 of 1888. . ■
,. ..The object.of that statute was evidently to speed the liquidation .and settlement of estates of insolvents, and if they are to be halted •or impeded by suspensive appeals the remedy would be practically valueless.
The act provides that in case the respited debtor shall fail or neglect to make payment according to the terms of his respite, any creditor may proceed against him summarily by rule, to have hisresspite vacated and annulled, and to compel him to make a cession of his property to his creditors.
. And it further provides that the Court in making such rule abso- • lute shall appoint a provisional syndic and order a meeting of credi/tors.
That is precisely what the respondent has done, and the question is, whether or not the debtor is entitled to suspensively appeal from •said judgment.
According to the opinion of this Court in State ex rel. Levy v.s. Ellis, Judge, sucha judgment belongs to the class of judgments which áre provisionally executed, although an appeal has been taken. The Code of Practice distinctly provides that judgments relating to the appointment of syndics are of that class. C. P. 580; R. C. C. 3093; Act 134 of 1888.
It is evident that the decision of the Court in that case is correct, and for that reason the relief prayed for by the relator must be denied. Vide State ex rel. Marx vs. Judge, 45 An. 1349, giving a Construction to Act 134 of 1888.
It. is, therefore ordered, and decreed that the restraining order herein made in limine, be rescinded, and that the applications for .-writs of. prohibition and .mandamus .be refused, at relator’s-cost. •
Rehearing refused.